**Hernando Fidel ZEGARRA–CORTEZ, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–72572.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 7, 2003.*

Decided Nov. 24, 2003.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Suzanne B. Friedman, Esq., Attorney at Law, San Francisco, CA, for Petitioner.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Cindy S. Ferrier, Office of Immigration Litigation, Washington, DC, Linda S. Wendtland, Esq., DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: FARRIS, TROTT, Circuit Judges, and WEINER,** Senior District Judge.

** Hon. Charles R. Weiner, Senior District Judge for Eastern Pennsylvania sitting by designation.

## MEMORANDUM ***

The Board of Immigration Appeals (BIA) upheld the Immigration Judge's (IJ) determination that Zegarra–Cortez did not qualify for a grant of asylum, withholding of removal, or protection under Article 3 of the Convention Against Torture. We affirm the BIA's decision.

### Burden of Proof

An alien bears the burden of establishing eligibility for asylum and withholding of removal. *Singh–Kaur v. INS*, 183 F.3d 1147, 1149 (9th Cir.1999). In order to satisfy the burden for asylum, "[a]n alien must show by credible, direct, and specific evidence an objectively reasonable basis for the claimed fear of persecution." *Id.* The burden for withholding of removal is higher; an alien must demonstrate a "clear probability" that the alien's life or freedom would be threatened upon returning home. *Id.* Therefore, if Zegarra–Cortez failed to establish eligibility for asylum, then he necessarily failed to establish eligibility for withholding of removal.

### Credibility

We review credibility findings of the IJ/BIA under a "substantial evidence" standard. *Singh–Kaur*, 183 F.3d at 1149. This is an extremely deferential standard that requires upholding the IJ/BIA's findings unless the record suggests a reasonable finder of fact would be compelled to reach a contrary result. *Id.*

The IJ determined that Zegarra–Cortez "was not a particularly credible witness." The court found Zegarra–Cortez's testimony regarding key events to be "lacking in meaningful detail as well as plausibility." These determinations are supported by the record.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The trier of fact could reasonably have found that petitioner's case is simply too flimsy and too full of holes to satisfy his burden of establishing credibility. His testimony regarding the substance of the conversations with Shining Path members was vague and lacked meaningful detail. He provides no explanation as to why the secretary of a neighborhood clean-up organization would be singled out for harassment. His testimony that he discarded the death-threat letter for fear that others may think he was associated with Shining Path is difficult to reconcile. He cannot explain how Shining Path would benefit from him fixing their cars if they had to pay the owner for the repairs. He provides no foundation for the claim that it is customary to announce license plate numbers of blown up cars. Finally, Zegarra–Cortez provides nothing to corroborate his story although he had adequate time to prepare his case, and he is in contact with his brother who lives in the same neighborhood to this day.

Zegarra–Cortez did not appeal the finding that he failed to qualify for protection under the Convention Against Torture.

**AFFIRMED**